In the Matter of the Application of ALTHENIA B. HASTINGS and THOMAS WOOD HASTINGS, Petitioners, for Refund of Certain Taxes Paid by Them under Erroneous and Illegal Assessments.

County Court, Columbia County, December 10, 1937.

*William E. J. Connor*, for the petitioners.

*Sherwood P. Speed*, for the County of Columbia.

*Harold V. A. Drumm*, for the Town of Kinderhook.

*Joseph F. O'Rourke*, for the Village of Kinderhook.

GILLETT, J. This is a proceeding under section 56-a of the Tax Law to refund certain taxes paid by the applicants, Althenia B. Hastings and Thomas Wood Hastings, assessed against their real estate in the town and village of Kinderhook, Columbia county.

These applicants purchased this property in August of 1918, using so-called bonus money paid to the applicant, Thomas Wood Hastings, by the United States government in connection with his services in the armed forces of the United States prior to that date.

The claim for exemption is made under provisions of subdivision 5 of section 4 of the Tax Law, which first appeared as such in that law in 1914 (Laws of 1914, chap. 278).

In 1920, by chapter 413, the Legislature enlarged the scope of the exemption provided for by including in it any real property purchased with " bonus or insurance granted by the United States or by this State," and the exemption extended to a " dependent * * * mother, wife or widow."

The subdivision under which this claim was made has always provided the procedure to be followed in claiming the exemption.

This property is assessed in the same manner as any other real property, and on any grievance day the person claiming the exemption may file a verified application for it, which must show the amount of the pension, bonus or insurance money used in or toward the purchase of the property.

If the assessors are satisfied that such money was used in the purchase of the property, two situations are presented to them:

1. Where the assessed valuation exceeds the amount of the bonus money invested (which amount is limited to $5,000) the assessors must enter on the roll the words " exempt to the extent of —— dollars," naming the amount, which cannot exceed $5,000, and thereupon the real property is exempt to that extent, or

2. Where the bonus money invested is greater than the assessed valuation, then the assessors must enter the word " exempt " after the property, and the property is not taxable.

Since 1914 the statute has also provided " the entries above required shall be made and continued in each assessment of the property so long as it is exempt from taxation for any purpose," and it is to be noted here in connection with the objection to this proceeding entered by the attorneys for the town and the village that such exemption applies to " each municipal corporation authorized to levy taxes," except school and highway taxes.

It appears from the undisputed testimony that in 1927 these applicants appeared before the board of assessors on grievance day, filed a verified statement mentioned in the statute, and the assessors granted them an exemption of $4,000.

It was the duty of the succeeding boards of assessors to carry that property on the assessment rolls as exempt to that amount

unless and until it has been made to appear to the board that the property was no longer entitled to such exemption.

There was no authority in any succeeding board of assessors to change or reduce or increase that exemption unless and until facts were made to appear to the board either that the property was entitled to the full exemption, that is, $5,000, or that it had ceased to be qualified for any exemption. In no event could the board lower the exemption without some affirmative action to establish the fact that the property was not entitled to any exemption. Having once determined that these applicants had invested $4,000 of bonus money in that property, that fact was binding on all succeeding boards until the contrary was made to appear by some affirmative action on the part of somebody.

The jurisdiction of this court has been challenged, but under section 56-a of the Tax Law this court is expressly authorized to deal with such situations as this.

The court is convinced from the language of section 207 of the Tax Law and by reason of the Court of Appeals in the case of *People ex rel. Pells* v. *Supervisors* (65 N. Y. 300) and *Matter of Baer* v. *Graves* (148 Misc. 641) that no limitation is applicable to this proceeding.

This property was purchased with bonus money, and since 1914 it has been the legislative policy of this State to exempt from all taxation, except school and highway taxes, real estate purchased with such fund.

Therefore, an order may be entered directing the refund of all taxes paid by these applicants on this real estate, except school and highway taxes, since 1927, since it appears that the assessed valuation has never exceeded $3,500, and the exemption to which these people are entitled to amounted to $4,000.

Interest on the amounts refunded shall be computed from the year of payment, at the legal rate, to the date of refund.

Submit order.